IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00861-REB-BNB

ALEJANDRO RAMIREZ,
ABEL FORTANEL,
JOSE JESUS IBARRA,
ALBERTO URSUA,
LESLIE LOPEZ, and
CLAUDIA URSUA, on their own behalf and on behalf of all those similarly situated,

Plaintiffs,

v.

EL TAPATIO, INC.,
EL TAPATIO ARAPAHOE, INC.,
EL TAPATIO MISSISSIPPI, INC.,
RODRIGO PADILLA, SR.,
ESTELIA PADILLA, and
AGLAHE PADILLA,

Defendants.
_____

**ORDER**
_____

The parties appeared this morning for a scheduling conference. The proposed scheduling order is refused for reasons discussed during the scheduling conference.

This case alleges violations of the Fair Labor Standards Act and the Colorado Minimum Wage Order. The plaintiffs seek to bring "both an opt-in § 216(b) collective action and an [sic] Rule 23 opt-out class action to vindicate their and their co-workers rights to be paid all wages due." Proposed Scheduling Order [Doc. # 31] at p. 3.

On April 24, 2013, the plaintiffs filed their Motion for Conditional Certification as a Collective Action [Doc. # 19] (the "Certification Motion"). Subsequently, there have been two

unopposed motions to extend the deadline for the defendants to respond to the Certification Motion [Doc. ## 20, 27], both of which were granted by the district judge. Orders [Doc. ## 22, 28]. The defendants' response to the Certification Motion currently is due on or before July 29, 2013. The plaintiffs have not sought certification of a Rule 23 class.

It is the practice of the district judge to set cases for trial no later than 14 months after the case was commenced. Here, that practice will result in a trial setting of approximately June 3, 2014. Given the current posture of the case, it is not possible to set a reasonable schedule for all necessary pretrial matters in view of an anticipated June 2014 trial date.

In addition, all parties have expressed an interest in pursuing court-sponsored alternative dispute resolution. Given the facts of the case and the parties' practical considerations, it appears to me that ADR is justified.

IT IS ORDERED:

(1)     The proposed scheduling order is REFUSED;

(2)     On or before August 1, 2013, the parties shall file a joint motion to stay proceedings pending ADR and for court-sponsored ADR; and

(3)     On or before September 2, 2013, the parties shall file a status report which shall include a discussion of whether a supplemental scheduling conference should be set.

Dated July 22, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge