**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:13-cv-00861-REB-BNB

ALEJANDRO RAMIREZ, ABEL FORTANEL,
JOSE JESUS IBARRA, ALBERTO URSUA,
LESLIE LOPEZ and CLAUDIA URSUA
on their own behalf and on behalf of all others
similarly situated,

    Plaintiffs,

v.

EL TAPATIO, INC., EL TAPATIO ARAPAHOE, INC.,
EL TAPATIO MISSISSIPPI, INC., RODRIGO PADILLA SR.,
ESTELIA PADILLA and AGLAHE PADILLA.

    Defendants.

**ORDER GRANTING FINAL APPROVAL OF 29 U.S.C. § 216(b)
COLLECTIVE AND FED. R. CIV. P. 23(e) CLASS ACTION SETTLEMENT**

**Blackburn, J.**

On June 13, 2014, this matter is before the court on the parties' **Joint Motion for Final Approval of Proposed 29 U.S.C. § 216(b) Collective and Fed. R. Civ. P. 23(e) Class Action Settlement** [#55][1], filed May 16, 2014. Having considered the parties' Joint Motion for Preliminary Approval of Proposed 29 U.S.C. § 216(b) Collective and Fed. R. Civ. P. 23(e) Class Action Settlement [# 50]; the parties' Joint Motion for Final Approval of Proposed 29 U.S.C. § 216(b) Collective and Fed. R. Civ. P. 23(e) Class Action Settlement [# 55], the Settlement and Release Agreement [#50], Exh. 1, and

---

[1] "[#55]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

having conducted a fairness hearing on June 13, 2014 and heard argument from the parties, and being otherwise fully advised in the premises, I grant the motion and enter appropriate findings, conclusions, and orders.

**THEREFORE, IT IS ORDERED** as follows:

1. That the parties' **Joint Motion for Final Approval of Proposed 29 U.S.C. § 216(b) Collective and Fed. R. Civ. P. 23(e) Class Action Settlement** [#55], filed May 16th, 2014, is **GRANTED**;

2. That the Settlement Agreement [#50-1] is incorporated by reference as if fully set forth herein, and the definitions used in the Settlement Agreement are adopted for use herein;

3. That my ruling is based on federal common and statutory law, including 29 U.S.C. § 216(b) and the Federal Rules of Civil Procedure, as well as federal and other authority, including the Federal Judicial Center's **MANUAL FOR COMPLEX LITIGATION** (4th ed. 2004) and **ANNOTATED MANUAL FOR COMPLEX LITIGATION - FOURTH** (2005);

4. That the proposed Settlement Agreement is fair and reasonable and therefore is approved;

5. That the court approves the following class of individuals to constitute the Rule 23 Class:

> All individuals employed as hourly employees in any El Tapatio Restaurant between April 3, 2011 and April 3, 2013, other than those individuals who opted in to the Action prior to October 22, 2013.

6. That Brandt Milstein, Esq. and Andrew Turner, Esq. are appointed as class counsel for the Rule 23 Class;

7. That pursuant to Fed. R. Civ. P. 23, the court approves Alejandro Ramirez, Abel Fortanel, Jose Jesus Ibarra, Alberto Ursua, Leslie Lopez and Claudia Ursua as class representatives for the Rule 23 Class;

8. That no member of the Rule 23 Class has opted-out or objected to the Settlement Agreement;

9. That the court approves the incentive award of $10,000 to be paid to Plaintiff Alejandro Ramirez;

10. That the court approves Plaintiffs' and Class counsels' award of attorney fees in the amount of 25% of the Settlement Fund (i.e., $200,000);

11. That the Settlement Administrator shall distribute the awards to the FLSA Plaintiffs and Rule 23 class Members, as per the distributions described in Exhibits A and B to the Amended Declaration of Administrator [#56-1] and shall distribute $200,000 in attorney fees to class counsel within ten (10) days of the date of this Order; and

12. That judgment shall enter accordingly.

Dated June 13, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge